GALVIN B. KENNEDY
*Pro Hac Vice Application Pending*
Texas State Bar No. 00796870
   GKennedy@Kennedyhodges.com
**KENNEDY HODGES, L.L.P.**
4409 Montrose Blvd., Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

GEORGE P. MOSCHOPOULOS (SBN 249905)
**THE LAW OFFICE OF**
**GEORGE MOSCHOPOULOS, APC**
34197 Pacific Coast Highway, Suite 100
Dana Point, California 92629
Telephone:  714.904.1669
Facsimile:    949.272.0428
*GeorgeM@logmapc.com*

Attorneys for Plaintiff
ROBERT PRUITT and the Putative Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROBERT PRUITT, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>PLAINTIFFS<br><br>vs.<br><br>KEY ENERGY SERVICES, LLC, a Texas Limited Liability Company, and DOES 1 through 25, inclusive,<br><br>DEFENDANTS | Case No.:<br><br>Assigned to:<br><br>**PLAINTIFFS' COMPLAINT FOR:**<br><br>1. Failure to Pay Overtime (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)<br>2. Failure to Pay Overtime (Cal. Lab. Code §§ 510, 1194)<br>3. Failure to Provide Meal Breaks (California Labor Code §§ 226.7, 512)<br>4. Failure to Pay All Wages Upon Termination (California Labor Code §§ 201, 202, 203, and 256)<br>5. Violation of California Business and Professions Code § 17200<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

**PLAINTIFFS' COMPLAINT**
[*Pruitt v. Key Energy Services, LLC*]

## PLAINTIFFS' COMPLAINT

1. Defendant Key Energy Services, LLC ("Defendant") required Plaintiff Robert Pruitt ("Plaintiff") to work more than forty hours in a workweek without overtime pay. Defendant misclassified Plaintiff and other similarly situated employees in Defendant's rig services division as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Plaintiff's job duties do not satisfy any exemption under the FLSA. Defendant has misclassified hundreds of other workers in California and across the United States as exempt from overtime.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b) and under the California Labor Code, Business and Professions Code and any applicable Wage Orders as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Members of the collective action are referred to hereinafter as the "FLSA Class Members." Members of the class action are referred to as the "California Class Members." Members of both the FLSA Class and the California case are referred to collectively as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 1367.

4. Venue is proper in the Eastern District of California because a substantial portion of the events forming the basis of the suit occurred in the Eastern District of California.

## INTRADISTRICT ASSISGNMENT

5. A substantial part of the events or omissions which give rise to the claims occurred in Kern County and/or adjacent counties in the Fresno Division, and

therefore this action is properly assigned to the Fresno Division pursuant to Local Rule 120(d).

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Robert Pruitt is an individual residing in Kern County, California. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. The FLSA Class Members are all current and former rig operators and managers, also known as tool pushers, and similarly situated employees working in Defendant's rig services division throughout the United States and paid on a salary basis at any time during the three-year period before the filing of this Complaint.

8. The Rule 23 California Class Members are all current and former rig operators and managers, also known as tool pushers, and similarly situated employees working in Defendant's rig services division throughout California and paid on a salary basis at any time during the three-year period before the filing of this Complaint.

9. Defendant Key Energy Services, LLC is a Texas limited liability company with its regional headquarters in Bakersfield, California. Defendant may be served process through its registered agent CT Corporation System, 818 W Seventh Street, Los Angeles, CA 90017.

10. This court has personal jurisdiction over Defendant Key Energy Services, LLC because Defendant has purposefully availed itself of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over said Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

11. Defendant has and continues to have continuous and systematic contacts with the state of California sufficient to establish general jurisdiction over said Defendant.

12. Said Defendant advertises, employs workers, owns property, and contracts with residents and businesses in California. Defendant maintains a regional office in Bakersfield, California.

13. Additionally, this cause of action arose from or relates to the contacts of Defendant with California residents, conferring specific jurisdiction over said Defendant.

14. This cause of action arose from or relates to work done in California for which Defendant owns earned wages.

15. In particular, Defendant employed California citizens and failed to pay them for hours worked in excess of forty (40) hours in accordance with the FLSA and the California Labor Code. This claim is based on the exact contact that Defendant has had with the forum state.

16. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants designated herein as DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is, in some manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to reflect their true names and capacities.

## **FLSA COVERAGE**

17. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1)

1  of the FLSA because Defendants have had and continue to have employees engaged
2  in commerce. 29 U.S.C. § 203(s)(1).

3      20. Furthermore, Defendant has an annual gross business volume of not less
4  than $500,000.

5      21. At all material times, Plaintiff and Class Members were individual
6  employees who engaged in commerce or in the production of goods for commerce as
7  required by 29 USC §§ 206 and 207.

## FACTUAL ALLEGATIONS

9      22. Defendant is an oilfield services company with locations throughout the
10 United
11 States that provides rig, fluid management, frac stack, well testing, fishing, and coil
12 tubing services to oil well drilling companies.

13     23. Plaintiff was employed by Defendant from 2011 to approximately
14 December of 2014.

15     24. Plaintiff was staffed out of Defendant's Bakersfield, California office
16 and throughout the course of his employment performed work for Defendant on
17 various oil rigs in California.

18     25. Plaintiff was a rig services employee whose primary duty involved
19 physical labor including rigging up and rigging down Defendant's oilfield machinery,
20 operating Defendant's oilfield machinery, and performing maintenance on that
21 machinery.

22     26. Defendant paid Plaintiff on a salary basis.

23     27. Defendant employees numerous other employees in its rig services
24 division who are paid on a salary basis. These individuals are the proposed Class
25 Members. While their exact job titles may differ, these employees are subjected to
26 the same or similar illegal pay practices for similar work.

27     28. In the state of California, Defendant employees numerous other
28 employees in its rig services division who are paid on a salary basis. These

individuals are the proposed California Class Members. While their exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

29. Defendant does not have any written or oral employment contract with any of the Class Members.

30. Defendant does not have a collective bargaining agreement with any of its service technicians.

31. Plaintiff and the Class Members are not exempt under the FLSA.

32. The primary duty of Plaintiff and the Class Members is not to supervise other employees or manage a customarily recognized department of Defendant's company.

33. Plaintiff and the Class Members have no authority to hire or fire other employees.

34. Plaintiff and the Class Members are not office or "white collar" employees. Their primary duty is to perform manual labor work related to Defendant's core business—i.e., hydrocarbon exploration—not the management of the company's operations.

35. The primary duty of Plaintiff and the Class Members is to rig up, rig down, operate, and maintain oil and gas equipment.

36. The primary duty of Plaintiff and the Class Members does not require independent judgment and discretion with respect to matters of significance. Instead, Plaintiff's daily activities were routine and governed by standardized plans, procedures, and checklists created by Defendant. Defendant predetermined the vast majority of Plaintiff's job functions, including which tools to use on the rig, the data to compile, the safety procedures to follow, and the schedule of day to day work.

37. Despite these facts, Defendant classified the Plaintiff and the Class Members as exempt from overtime pay.

38. Plaintiff and the Class Members typically worked 7 days a week and were on call 24 hours a day. Plaintiff and the Class Members frequently spent in excess of 16 hours a day performing manual labor on oil rigs.

39. With this schedule Plaintiff routinely worked in excess of 40 hours per week. A typical workweek for Plaintiff exceeded 84 hours.

40. Defendant knew that the Plaintiff and the Class Members were not exempt and yet deliberately and intentionally or with reckless disregard for the law, ignored the requirement to pay overtime.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

42. Plaintiff has actual knowledge that Class Members have been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of their employees.

43. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff worked for Defendant at multiple well sites and as such he has firsthand knowledge of Defendant's pay practices across a wide geographic area.

44. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

45. Although Defendant permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

46. Defendant has classified and continues to classify the Class Members as exempt employees and pay on a salary/day rate system without overtime.

47. The Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

**PLAINTIFFS' COMPLAINT**
[*Pruitt v. Key Energy Services, LLC*]

48. The Class Members are not exempt from receiving overtime pay under the FLSA.

49. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

50. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

51. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

52. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

53. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

54. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

55. As such, the classes of similarly situated Plaintiffs is properly defined as follows:

> All current and former rig operators and managers, also known as tool pushers, and similarly situated employees working in Defendant's rig services division throughout the United States and paid on a salary basis at any time during the three-year period before the filing of this Complaint to the present.

/ / /

/ / /

## CALIFORNIA CLASS ALLEGATIONS

56. Plaintiff incorporates all preceding paragraphs as through fully set forth herein.

57. Plaintiff brings is action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "California Class," which is properly defined as follows:

> All current and former rig operators and managers, also known as tool pushers, and similarly situated employees working in Defendant's rig services division in California and paid on a salary basis at any time during the four-year period before the filing of this Complaint to the present.

58. <u>Numerosity</u>. The number of members in the California Class is believed to be in the hundreds. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the California Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California class and Defendant.

59. <u>Typicality</u>. Plaintiff's claims are typical of the California Class because like the members of the California Class, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the California Class. Defendant failed to pay non-exempt rig services emplotees overtime compensation for all their hours worked, including overtime hours. All members of the California Class worked substantially more than eight (8) hours in a work week and over eight hours in work day. Plaintiff and the California Class have

been uncompensated and/or undercompensated as a result of the Defendant's common policies and practices which failed to comply with California law.

60. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties requires under California law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the California Class he seeks to represent.

61. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

    a. Whether Plaintiff and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a work week;

    b. Whether Defendant failed to pay Plaintiff and the California Class overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a work week;

    c. Whether Defendant failed to pay Plaintiff and the California Class the correctly calculated overtime wage for hours worked; and

    d. Whether Defendant failed to provide or authorize meal periods and rest periods for the Plaintiff and the California Class.

62. The common issues of law include, but are not limited to:

    a. Whether the Defendant can claim an exemption for Plaintiff and the California Class;

    b. Whether Plaintiff and the members of the California Class, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all of their wages upon termination of their employment;

c. Whether Defendant's policies and practices provide and authorize meal and rest periods in compliance with California law;

d. Whether Plaintiff and the California Class Members are entitled to compensatory damages;

e. The proper measure of damages sustained by Plaintiff and the California Class; and

f. Whether the Defendant's actions were "willful."

63. <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

64. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual California Class Members are promoted.  Additionally, class treatment will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to California Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of the members of the California Class is readily identifiable from Defendant's records.

65. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential

exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees and meal periods taken.

66. Ultimately, a class action is a superior form to resolve the California claims detailed herein because of the common nucleus of operative facts centered on the continued failure of the Defendant to pay Plaintiff and the California Class according to applicable California laws.

## FIRST CAUSE OF ACTION
**Failure to Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)**
**On Behalf of Plaintiff and the FLSA Class**

67. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

68. At all relevant times, Defendant required the FLSA Class to work in excess of (40) hours per work week. Despite the hours worked by Plaintiff and the FLSA Class, Defendant willfully and in bad faith, and in knowing violation of FLSA, failed and refused to pay Plaintiff and the FLSA Class the appropriate overtime wages for all compensable time worked in excess of forty (40) hours a work week.

69. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

70. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA class, Defendant has failed to make, keep, and preserved records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 210 et seq., including 29 U.S.C. § 211(c) and § 215(a).

71. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

72. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime**
**(California Labor Code §§ 510 and 1194)**
**On Behalf of Plaintiff and California Class**

73. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

74. At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked. Since at least four years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of eight (8) hours per day or forty (40) hours per work week, and double-time for hours worked in excess of twelve (12) hours per day. Defendant was also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

75. Defendant routinely required Plaintiff and the California Class to work in excess of eight (8) hours per day or forty (40) hours per work week and work on the seventh day of a work week. Despite the provisions of California's overtime law, Defendant has willfully failed and refused to pay the California Class, including the Plaintiff, overtime wages for any of the overtime hours they worked since four years prior to this lawsuit being filed.

76. The California Class, including Plaintiff, has been deprived of their rightfully earned overtime wages and a direct and proximate result of Defendant's failure and refusal to pay such compensation.

77. Defendant's conduct violates California Labor Code §§ 510 and 1194. Therefore, pursuant to California Labor Code § 1194, the California Class, including

the Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, and for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorney's fees and costs of suit, and the relief requested below in the prayer for relief.

## THIRD CAUSE OF ACTION
**Failure to Provide Rest and Meal Breaks**
**(California Labor Code §§ 226.7 and 512 *et seq.*)**
**On Behalf of Plaintiff and California Class**

78. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79. The California Labor Code requires employers to provide a 30-minute net meal period if the employee works more than five hours per day. Cal. Lab. Code § 512. The California Labor Code also requires employers to provide a 10-minute net rest period for each four-hour period worked, or major fraction thereof.

80. Defendant violated the meal and rest period laws by forcing the Plaintiff and the members of the California Class to work through long hours without the required meal and rest periods.

81. Plaintiff and the members of the California Class sue for all damages allowed under the law including payment of one additional hour of pay at the employee's regular rate of pay for each such violation. Cal. Lab. Code § 226.7.

/ / /
/ / /
/ / /
/ / /
/ / /

# FOURTH CAUSE OF ACTION
### Failure to Provide Pay All Wages Upon Termination
### (California Labor Code §§ 201, 202, 203, and 256)
### On Behalf of Plaintiff and California Class

82. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

83. California Labor Code § 201 proves that any discharged employee is entitled to all wages due at the time of discharge.

84. Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty days (30) days.

85. During all relevant times, Defendant knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and members of the California Class who are no longer employed by Defendant all wages owed as alleged herein. Defendant is therefore liable to Plaintiff and members of the California Class who are no longer employed by Defendant for waiting time penalties as required by California Labor Code § 203.

86. Plaintiff, individually and on behalf of the members of the California Class who are no longer employed by Defendant respectfully request that the Court award all waiting time penalties due, and the relief requested below in the prayer for relief.

# FIFTH CAUSE OF ACTION
### Unlawful and/or Unfair Competition Law Violations
### (California Business and Professions Code §§ 17200 *et seq*)
### On Behalf of Plaintiff and California Class

87. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

/ / /

**PLAINTIFFS' COMPLAINT**
[*Pruitt v. Key Energy Services, LLC*]

88. California Business & Professions Code § 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

89. Plaintiff brings this cause of action individually and as a representative of all others subject to Defendant's unlawful acts and practices.

90. During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize mandated meal and rest periods, and failing to pay all wages upon termination in violation of California law.

91. As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff and the California Class. Defendant must disgorge these ill-gotten gains and restore to Plaintiff and the California Class all wrongfully withheld wages, including, but not limited to overtime compensation.

92. Plaintiff, individually and on behalf of the members of the California Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

## **PRAYER**

Plaintiff, on behalf of himself and all of the FLSA Class Members and the California Class Members, pray for relief as follows:

1. Certifying that this action may proceed as a collective action and class action;
2. Declaring that Defendant's policies and/or practices of failing to pay overtime wages, to provide and authorize meal and rest periods, and to

        pay all wages earned upon termination of employment to the California Class violate California law;

3. Declaring that Defendant's above-mentioned policies and/or practices violate California Business and Professions Code § 17200 *et seq.*;

4. Preliminary, permanent, mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

5. Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the FLSA Class Members violates the FLSA;

6. Awarding damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;

7. Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant to 29 U.S.C. § 216, California Labor Code § 1194, California Code of Civil Procedure § 1021.5, or as otherwise permitted by law; and

8. Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

Dated:  September 29, 2016

**THE LAW OFFICE OF GEORGE MOSCHOPOULOS, APC**

By: *[signature]*

George Moschopoulos
Attorneys for Plaintiff and the Putative Class

**PLAINTIFFS' COMPLAINT**
[*Pruitt v. Key Energy Services, LLC*]

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all causes of action so triable herein.

Dated:  September 29, 2016

**THE LAW OFFICE OF GEORGE MOSCHOPOULOS, APC**

By: *[signature]*

George Moschopoulos
Attorneys for Plaintiff and the
Putative Class